**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| EDWARD THEODORE TYLER, ) | Case No. 03-31563-JWV |
| ) | |
| Debtor. ) | |
| ) | |
| APRIA HEALTHCARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 04-3019-JWV |
| ) | |
| EDWARD THEODORE TYLER ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion for summary judgment filed by Plaintiff Apria Healthcare, Inc. ("Apria") in this Adversary Proceeding on July 2, 2004. Apria's motion seeks summary judgment on Counts I - V and Count VII of its Complaint against Defendant Edward Theodore Tyler ("Tyler" or "Debtor"). Apria contends that summary judgment is warranted on the basis of collateral estoppel because the District Court for the Western District of Missouri has already granted Apria summary judgment on the issue of liability on identical allegations. Tyler responds that the application of collateral estoppel to this case is inappropriate because the District Court only granted summary judgment to Apria on the issue of liability, not damages, so the prior judgment is not final. Tyler further argues that he was not given a full and fair opportunity to be heard by the District Court on the basis that the District Court's grant of summary judgment curtailed his ability to present his case on the merits and that he was improperly tainted by the acts of his former partner.

For the reasons stated below, the Court will: (1) grant Apria partial summary judgment on the issues of liability in Counts I - V and VII of the Complaint; (2) abstain from ruling on the issue of damages for Counts I-V; (3) lift the stay to allow Apria to proceed with litigation in the District Court

to obtain a determination of those damages; and (4) retain jurisdiction over and stay this adversary proceeding until the District Court litigation is concluded.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L .Ed. 2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970).

## II. BACKGROUND

Because the Court finds that collateral estoppel applies to Counts I-V and VII and abstains from ruling on Count VI, detailed factual findings are not necessary. A recitation of the procedural history will suffice.

On June 13, 2001, Apria filed a lawsuit against the Debtor; his company, L & E Medical Equipment, Inc.; and another individual, Larry Paul, in the District Court for the Western District of Missouri (Southwest Division), assigned Case No. 01-CV-05071 and styled *Apria Health Care, Inc. v. L & E Medical Equipment, Inc., et al.* ("Lawsuit"). The Lawsuit alleged that the Debtor and the other defendants misappropriated Apria's trade secrets, tortiously interfered with Apria's business expectancies, breached their contracts with Apria, conspired to commit civil consipracy, and were unjustly enriched. These are the same acts which are alleged in this adversary proceeding.

On September 14, 2001, the District Court entered a preliminary injunction against all of the defendants, and on January 2, 2003, the District Court entered an order ("District Court Order") granting summary judgment in favor of Apria on all counts of the Lawsuit. The District Court did not determine damages at that time. A hearing on damages was scheduled for December 15, 2003, but the Debtor filed for protection under Chapter 7 of the Bankruptcy Code on December 14, thereby staying the District Court litigation. Apria filed this adversary proceeding on May 14, 2004. The motion for summary judgment, accompanied by suggestions in support, was filed on July 2, 2004.

## II. DISCUSSION

A.   Collateral Estoppel Applies to Issues of Liability for Counts I-V

Apria correctly argues that the doctrine of collateral estoppel precludes the Debtor from challenging or re-litigating the findings of the District Court that Tyler misappropriated trade secrets, tortiously interfered with Apria's business expectancies, breached his contract with Apria, committed civil conspiracy, and was unjustly enriched. These are, respectively, the allegations in Counts I-V of the Complaint in this case.

For collateral estoppel to apply, a court must find that: (1) the issue for which judgment is sought is identical to that involved in a prior action; (2) the issue was litigated in the prior action; (3) the issue was determined by a valid and final judgment; and (4) the determination of the issue was essential to the prior judgment. *In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991); *In re Balta*, 151 B.R. 506, 508 (Bankr. E.D. Mo. 1993).  The Court finds that all of these elements are met. The issues are identical, nothing in the record indicates that the parties did not have an opportunity to litigate the summary judgment motion before the District Court, the District Court Order granting summary judgment is sufficiently final for purposes of collateral estoppel, and the issues decided were central and necessary to the judgment.

The Debtor's contention that the prior judgment is not final because the District Court only granted summary judgment to Apria on the issue of liability, not damages, is without merit. For purposes of collateral estoppel, "final judgment" includes any prior adjudication of an issue in another action. *C.E.G., Morrell & Co. v. Local Union 304A*, 913 F.2d 544, 562-64 (8th Cir. 1990). *See also,* 1 *Restatement (Second) of Judgments* § 13 and comment (g) (1982) ("For purposes of issue preclusion ..., 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."); *Dyndul v. Dyndul* 620 F.2d 409, 412 n. 8 (3rd Cir. 1980) (" 'Finality' for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts."). The fact that the District Court Order may not have been final for purposes of appeal is not dispositive. *C.E.G., Morrell & Co.*, 913 F.2d at 562-64.

In view of the District Court's detailed and clear findings that the Debtor committed the tortious acts alleged and was liable to Apria for the damages caused thereby, the Court holds that the District Court Order constitutes a sufficient adjudication of the issues of liability raised in Counts I-V

3

to warrant the application of collateral estoppel. Having lost on the merits as to liability in the District Court, Tyler is not entitled to a second bite at the apple in this Court.

The Court also rejects the Debtor's arguments that the prior court's grant of summary judgment curtailed his ability to present his case on the merits and that he was improperly tainted by the acts of his former partner. Summary judgment is a judgment on the merits (as opposed to a default judgment) and, therefore, the Court concludes that the Debtor either failed to properly raise in the District Court facts which would exculpate him, or the District Court considered those facts and determined that they did not preclude judgment as a matter of law in favor of Apria.

Accordingly, the Court will grant Apria partial summary judgment on the issue of liability for Counts I-V.

B.   The Damages to Apria Caused by the Conduct Alleged in Counts I and II are Nondischargeable Under 11 U.S.C. § 523(a)(6)

Count VII of Apria's Complaint seeks a determination that the damages caused by the acts alleged in Counts I and II (misappropriation of trade secrets and tortious interference with business expectancy) are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Based on the application of collateral estoppel to the District Court Judgment with respect to Counts I and II, the Court finds that these acts and the damages caused thereby constitute willful and malicious injuries and are, therefore, nondischargeable under 11 U.S.C. § 523(a)(6).

Under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code, a debt "for willful and malicious injury by the debtor to another entity" is nondischargeable in a Chapter 7 proceeding. Section 523(a)(6)'s exception to discharge is associated with the law of intentional torts, and conduct that is negligent or reckless, *i.e.*, which does not rise to the level of an intentional injury, remains dischargeable. *Kawaauhau v. Geiger*, 523 U.S. 57, 60, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). Under § 523(a)(6), a "willful" injury requires more than an intentional act that leads to an injury; rather, the debtor must have intended the consequences of the act. *Id.* at 61-62. In the Eighth Circuit, a debtor will be considered to have intended the consequences of an act when he "knows that the consequences are certain, or substantially certain, to result from his act." *Barclays American/Business Credit., Inc. v. Long* (*In re Long*), 774 F.2d 875, 881 (8th Cir. 1985) (adopting the definition of "intentional" as stated in Restatement (Second) of Torts § 8A comment b (1965)). For the second prong, "malicious," means that the debtor's actions must be "targeted at the creditor ... at least in the sense that the conduct

is certain or almost certain to cause financial harm." *Id.* Willful and malicious are two distinct requirements that creditors must establish by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) (holding that the preponderance of the evidence standard applies to § 523 claims); *Johnson v. Miera* (*In re Miera*), 926 F.2d 741, 743 (8th Cir. 1991) (noting that willful and malicious are distinct elements of the § 523(a)(6) exception to discharge).

In this case, the District Court found that the Debtor committed the intentional torts of misappropriation of trade secrets and tortious interference with business expectancy – thereby satisfying the "willful" prong of § 523(a)(6). And the District Court's finding that the defendants, including the Debtor, committed these torts "in order to interrupt Apria's service with its customers" and that the loss of customers resulted in damage to Apria, satisfies the "malicious" prong. *See In re Balta*, 151 B.R. 506, 508 (Bankr. E.D. Mo. 1993) (holding that the elements establishing misappropriation of trade secrets under Florida law[1] also support a finding of willful and malicious under § 523(a)(6)).

Therefore, to the extent the District Court awards Apria a monetary judgment against the Debtor on Counts I and II of the Lawsuit, that judgment is nondischargeable under 11 U.S.C. § 523(a)(6).

C.   Discretionary Abstention is Appropriate

The fact that neither party has moved the Court to abstain does not prevent the Court from exercising its discretion to abstain under 28 U.S.C. § 1334(c)(1). *See, e.g., Gober v. Terra + Corp.*, 100 F.3d 1195, 1206 (5th Cir. 1996) (exercising discretion to abstain *sua sponte*). Therefore, in the interest of judicial efficiency and comity, the Court will abstain from ruling on the issue of damages for Counts I-V.

Because § 1334(c)(1) only speaks in general terms ("the interest of justice" and "the interest of comity") and does not clearly delineate any specific criteria to reach a discretionary decision to abstain, courts generally look to the "well-developed notions of judicial abstention when applying section 1334(c)(1)." *Id.* These well-developed notions include a consideration of the following factors:

---

[1] Missouri law is substantially similar to Florida law in this regard.

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the degree of relatedness to the main bankruptcy proceeding;

(6) the burden on the bankruptcy court's docket;

(7) the likelihood that one of the parties is forum shopping;

(8) the presence or necessity in the proceeding of non-debtor parties;

(9) the existence of a jurisdictional basis other than 28 U.S.C. § 1334;

(10) the existence of a right to a jury trial and whether the parties do or do not consent to jury trial in the bankruptcy court;

(11) the financial condition of the parties; and

(12) the case's status as a "related" matter rather than a core proceeding.

*See In re Williams,* 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) (citing *In re Phelps Technologies*, 238 B.R. 819, 821 (Bankr. W.D. Mo.1999)). *See also*, *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d at 1189 ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.").

In this case, with regard to the determination of damages for Counts I-V, factors 1, 2, and 4 predominate. Abstention will not greatly affect the administration of the estate; at most, it will cause a slight delay in the administration of the estate's assets. State-law issues do more than just predominate the determination of damages; they are the only issues to be decided. And, finally, the District Court is in a much better position than the bankruptcy court to determine damages, especially punitive damages; the case is still pending in the District Court and, moreover, the District Court is already familiar with the evidence and issues.

D.      Relief from Stay and Stay of Proceedings

Having abstained from making a determination of damages for Counts I-V, it is necessary for the Court to modify the stay to allow Apria to proceed with litigation in the District Court to obtain a final ruling on damages. And until Apria obtains that ruling, this Court cannot render a final judgment as to the extent of the claim determined to be nondischargeable. Therefore, the Court will stay this adversary proceeding until a party timely notifies us that the District Court litigation has concluded.

### III. CONCLUSION

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order consistent with this Memorandum Opinion will be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED** this 12th day of October 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was sent
electronically or conventionally to:

Thomas J. O'Neal
Danny R. Nelson
Nicholas L. Swischer